IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM SUTHERLAND, ET AL., | ) | CIVIL NO. 17-00485 ACK-RLP |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT IN PART AND DENY IN PART |
| vs. | ) | PLAINTIFFS' APPLICATION OF |
| | ) | ENTRY OF DEFAULT JUDGMENT BY |
| KAANAPALI TOURS, LLC, | ) | CLERK |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN
PART AND DENY IN PART PLAINTIFFS' APPLICATION
OF ENTRY OF DEFAULT JUDGMENT BY CLERK[1]

Before the Court is Plaintiffs' Application of Entry of Default Judgment by Clerk, filed February 23, 2018. ECF No. 20. Because Plaintiffs included a request for reasonable attorneys' fees in their Application, the Court must treat Plaintiffs' Application as a motion for default judgment pursuant to Rule 55(b)(2). See Branded Online Inc. v. Holden LLC, No. SACV150390DOCDFMX, 2016 WL 8849024, at *1 (C.D. Cal. Jan. 8, 2016) (denying request for clerk to enter default judgment where the plaintiff sought attorney's fees in connection with the default judgment); Phillips 66 v. Grainer, No. 1:13cv1890LJOBAM, 2015 WL 3797396, at *2 (E.D. Cal. June 18, 2015) (holding that

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

the calculation of reasonable attorneys' fees is not a sum certain calculation and rejecting clerk's entry of default judgment).  Plaintiffs filed a supplemental declaration regarding attorneys' fees on March 16, 2018.  ECF No. 24.  The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  ECF No. 22.  After careful consideration of the Motion, the declarations, exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART.

BACKGROUND

Plaintiffs filed this action against Defendant Kaanapali Tours, LLC alleging breach of promissory note on September 28, 2017.  ECF No. 1.  In their Complaint, Plaintiffs allege that Defendant entered into a loan agreement with Plaintiffs on or about December 15, 2010, in order to purchase a new vessel.  Id. ¶ 9.  Defendant concurrently executed a promissory note for $950,000.  Id. ¶ 10.  Defendant took possession of the new vessel, a 64-foot catamaran named the Queen's Treasure, in May 2011.  Id. ¶ 11.  On January 30, 2014, Defendant executed a second promissory note in the amount of $1,610,000, with interest accruing at the rate of 1.75% and a maturity date of December 31, 2022 ("Promissory Note"), which replaced the prior promissory note issued on December 15, 2010.  Id. ¶ 13; ECF No. 1-4.

The Promissory Note provides that Defendant will be in default if Defendant "becomes unable, or admits in writing its inability to pay its debts as they fall due." Id. ¶ 14. The Promissory Note also provides that Defendant will be in default if Defendant "applies for or consents to the appointment of a receiver, trustee, or liquidator of itself, or of all or substantial part of its assets." Id. ¶ 15. In the event of a default, pursuant to the Promissory Note, Plaintiffs had the right to declare the entire outstanding principal balance and any accrued but unpaid interest to be immediately due and payable, without notice, "whereupon the same shall become forthwith due and payable." Id. ¶ 16.

In early 2017 a dispute arose between the member-managers of Defendant, Janice Nolan and Amy Sutherland, concerning the operation of Defendant. Id. ¶ 17. Amy Sutherland subsequently made a demand for the dissolution of Defendant. Id. On September 18, 2017, Amy Sutherland filed an action against Janice Nolan, the only other member-manager of Defendant, in state court seeking dissolution of Defendant and the appointment of a receiver. Id. ¶¶ 20-21 ECF No. 1-5.

Under the terms of the Promissory Note, Defendant is in default because it has applied for the appointment of a receiver of all of its assets and is unable to pay its debts. ECF No. 1 ¶ 24. Pursuant to the Promissory Note, Plaintiffs have made a demand for the entire principal balance and any accrued interest

3

to be immediately due and payable, but have not received payment or any response from Defendant.  Id.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk entered default against Defendant on November 6, 2017.  ECF No. 14.  Plaintiff then filed the instant Motion, seeking default judgment against Defendant for $1,346,904.51, the amount due on the Promissory Note including interest, and for $6,262.00 in attorneys' fees.  ECF No. 20.

## ANALYSIS

Default judgment may be entered against a party from whom affirmative relief is sought and the claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court.  Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right.  Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  The court should consider the following factors in deciding whether to grant a motion for default judgment:

> (1) the possibility of prejudice to the moving party;

      (2)   the merits of the substantive claim;

      (3)   the sufficiency of the complaint;

      (4)   the sum of money at stake in the action;

      (5)   the possibility of a dispute concerning material facts;

      (6)   whether the default was due to excusable neglect; and

      (7)   the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations regarding liability are deemed true, but the moving party must establish the relief to which it is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

    **A.**    **Jurisdiction**

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not

it has subject matter jurisdiction over this action and personal jurisdiction over Defendant.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

First, the Court has diversity jurisdiction because the amount in controversy exceeds $75,000 and there is complete diversity between Plaintiffs and Defendant.  See 28 U.S.C. § 1332.  Plaintiffs are residents of California.  ECF No. 1 ¶¶ 1, 5.  Defendant is a Hawaii limited liability company with its principal place of business in Hawaii, and its two members are also residents of Hawaii.  Id. ¶¶ 2, 6; see also ECF No. 1-5 ¶¶ 2-4.  Second, the Court has personal jurisdiction over Defendant because it was served through its registered agent on October 9, 2017.  ECF No. 10; Fed. R. Civ. P. 4(h)(1)(B).  The Court finds that it has both subject matter and personal jurisdiction.

### B. **Eitel Factors**

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above.

#### 1. **The Possibility of Prejudice**

The first factor considers whether the moving party

would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery. Accordingly, the first Eitel factor favors default judgment.

### 2. Merits of the Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906. Here, Plaintiff asserts a claim for breach of promissory note against Plaintiff. To establish a claim for breach, Plaintiffs much show "(1) the contract at issue; (2) the parties to the contract; (3) whether [Defendant] performed under the contract; (4) the particular provision of the contract allegedly violated by [Defendant]; and (5) when and how [Defendant] allegedly breached the contract." See Marine Lumber Co. v. Precision Moving & Storage Inc., No. CV 16-00365 LEK-RLP, 2017 WL 1159093, at *6 (D. Haw. Mar. 28, 2017).

Plaintiffs allege that they entered into the Promissory Note with Defendant in the amount of $1,610,000 to fund the purchase of a vessel. ECF No. 1 ¶¶ 9-13. Plaintiffs allege that they performed all terms under the Promissory Note. Id. ¶ 28. Plaintiffs allege that Defendant defaulted under the terms of the Promissory Note because it has applied for the appointment of a

receiver of all of its assets and it is unable to pay debts. Id. ¶ 23. The Court finds that the allegations are sufficient to establish that Plaintiffs are entitled to judgment against Defendant for breach of the Promissory Note. This factor weighs in favor of default judgment because the allegations in the Complaint, taken as true, are sufficient to establish the substantive claims.

### 3. Sufficiency of the Allegations

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion. The Court finds that the sufficiency of the allegations weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Here, Plaintiffs seek damages against Defendant for $1,346,904.51, the amount due on the Promissory Note including interest, and for $6,262.00 in attorneys' fees. ECF No. 20. Plaintiffs' damages request is tailored to Defendant's specific wrongful conduct. The Court finds that this factor weighs in favor of default judgment.

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of

the Complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant has been given a fair opportunity to defend against the Complaint and has not done so. Because no dispute has been raised regarding Plaintiffs' material factual allegations, this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect. Plaintiffs served Defendant with the Complaint on October 9, 2017. ECF No. 10. Defendant did not file a response to Plaintiff's Complaint. In addition, Plaintiffs served Defendant with notice of request for entry of default on November 3, 2017. ECF No. 12-4. Despite ample notice of this lawsuit and Plaintiffs' intention to seek default, Defendant has not appeared in this matter to date. The record suggests that Defendant's default was not the result of any excusable neglect, but rather due to Defendant's conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant's default makes a decision on the merits impractical, if not impossible. Here, Defendant has failed to defend against the Complaint and has consequently rendered adjudication on the merits before this Court impracticable. This

factor does not preclude the Court from entering default judgment against Defendant.  See Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive").

### 8. Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiffs' favor and against Defendant.

## C. Remedies

Although Defendant's default establishes its liability, it does not establish the amount of damages or other relief to which Plaintiffs are entitled.  See Fair Hous. of Marin, 285 F.3d at 906.  "In determining damages, the court can rely on the declarations submitted by the [moving party]."  Philip Morris, 219 F.R.D. at 498.  The moving party must provide evidence of its damages, and the damages "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

Here, Plaintiffs seek damages against Plaintiff in the amount of (1) $1,346,904.51 in principal indebtedness and accrued interest through February 21, 2018, and (2) $6,262.00 in attorneys' fees.  ECF No. 20 at 2.  Each category of requested relief is addressed below.

### 1. Principal Indebtedness and Accrued Interest

Plaintiffs contends that Defendant owes $1,346,904.51 in principal indebtedness and accrued interest under the Promissory Note.  In support of this contention, Plaintiffs submitted the declaration of Plaintiff William Sutherland.  ECF No. 20-1.  Mr. Sutherland provided detailed calculations of this amount in the exhibit attached to his Declaration.  ECF No. 20-2.  The Court finds that Plaintiffs have established damages in the amount of $1,346,904.51 for principal indebtedness and accrued interest.

### 2. Attorneys' Fees

Plaintiffs assert that they are entitled to an award of attorneys' fees based on the parties' agreement.  ECF No. 20 at 2.  The Promissory Note provides that attorneys' fees and legal expenses are recoverable in the event of default "subject to any limits under applicable law."  ECF No. 1-3 at 3.  Hawaii Revised Statutes Section 607-14 provides that attorneys' fees shall be awarded "in all actions on a promissory note."  Haw. Rev. Stat. § 607-14.  Section 607-14 also provides that such fees shall "not exceed twenty-five per cent of the judgment."  Haw. Rev. Stat. § 607-14.

Hawaii courts calculate the reasonableness of attorneys' fees based on a method that is nearly identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See DFS Grp. L.P. v. Paiea

Props., 131 P.3d 500, 505 (Haw. 2006).  Under the lodestar method, the court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate.  See id. 505-06.  In addition, the court may consider additional factors including the novelty of the questions involved and charges for similar service in the community.  See Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw., 106 P.3d 339, 358 (Haw. 2005); Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw., 992 P.2d 127, 137 (Haw. 2000).

   Here, Plaintiffs request $6,262.00 for attorneys' fees.  ECF No. 24.  The Court finds that the hours requested are reasonable.  Id. at 3-4 (requesting fees for 14.2 hours of work).  However, the Court finds that the hourly rates requested are not reasonable.  Id. (requesting hourly rates ranging from $325 to $525 per hour).  The Court considers the prevailing market rates in Honolulu, not in Los Altos, where Plaintiffs' mainland counsel is located.  See Moskowitz v. Am. Sav. Bank, F.S.B., No. CV 17-00299 HG-KSC, 2017 WL 4883424, at *7 (D. Haw. Oct. 30, 2017), *adopted by*, No. CV 17-00299 HG-KSC, 2017 WL 6596582 (D. Haw. Dec. 26, 2017)(holding that the reasonable hourly rate should be based on the prevailing local rates in the community where the litigation occurred).  Based on this Court's knowledge of the community's prevailing rates, the nature of the underlying action, and counsel's submissions, the Court finds that the requested hourly rates are excessive.  The Court reduces the

12

requested hourly rates for mainland counsel and concludes that the following hourly rates are reasonable for fees related to the discovery motion: 1) Mr. Holland — $260; 2) Mr. Gerrish — $400; 3) Mr. Richardson — $275; 4) Mr. Boennighausen — $300; 5) Mr. Hsueh — $220.  Accordingly, the Court finds that the following fees are reasonable:

| ATTORNEY | HOURS | RATE | TOTAL |
| --- | --- | --- | --- |
| Andrew P. Holland, Esq. | 1.7 | $260 | $442.00 |
| Stephen C. Gerrish, Esq. | 5.6 | $400 | $2,240.00 |
| Stewart Richardson, Esq. | 1.9 | $275 | $522.50 |
| Mark V. Boennighausen, Esq. | 1.3 | $300 | $390.00 |
| Michael Y. Hsueh, Esq. | 3.7 | $220 | $814.00 |
| TOTAL | | | $4,408.50 |

Finally, pursuant to Section 607-14, the attorneys' fees awarded cannot exceed twenty-five percent of the judgment. The Court finds that the recommended award of $4,408.50 for attorneys' fees is well within the twenty-five percent limitation.  Accordingly, the Court finds that Plaintiffs are entitled to an award of $4,408.50 in attorneys' fees.

                          CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiffs' Application of Entry of Default Judgment by Clerk be GRANTED IN PART and DENIED IN PART as follows:

(1) Default judgment be entered against Defendant Kaanapali Tours, LLC and in favor of Plaintiffs; and

      (2) Plaintiffs be awarded damages in the amount of $1,346,904.51 for principal indebtedness and accrued interest and $4,408.50 in attorneys' fees against Defendant Kaanapali Tours, LLC.

      IT IS SO FOUND AND RECOMMENDED.

      DATED AT HONOLULU, HAWAII, MARCH 28, 2018.



                                Richard L. Puglisi
                                United States Magistrate Judge

**SUTHERLAND V. KAANAPALI TOURS, LLC; CIVIL NO. 17-00485 ACK-RLP, FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' APPLICATION OF ENTRY OF DEFAULT JUDGMENT BY CLERK**